UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL TRADE COMMISSION, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: 11-0881 (HHK) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, the Electronic Privacy Information Center, and defendant, the Federal Trade Commission (Agency), by and through the United States Attorney for the District of Columbia, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed on the following terms:

1. Agency Declaration. The agency shall execute the draft declaration attached hereto and provide the signed declaration to Plaintiff within one business day of the entry of this Stipulation by the Court.

2. Dismissal with Prejudice. This case is hereby dismissed with prejudice pursuant to Rule 41(a)(1)(A)(ii), except that the Court shall retain jurisdiction to enforce the terms of this Stipulation.

3. Release. This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by plaintiff in this civil action, including without limitation all claims for release of agency records, attorney's fees, and

interest or other compensation for delay, and plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the defendant, the Agency, or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein.

4. **No Admission of Liability.** This Stipulation has been entered into by plaintiff and defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against defendant, the Agency, or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

| For Plaintiff: | For Defendant: |
|---|---|
| /s/ [signature] <br> JOHN VERDI, D.C. Bar #495764 <br> Electronic Privacy Information Center <br> 1718 Connecticut Ave., NW, Suite 200 <br> Washington, D.C. 20009 <br> (202) 483-1140, verdi@epic.org <br><br> Date: 8/26/11 | RONALD C. MACHEN JR., D.C. Bar [signature] <br> #447889 <br> United States Attorney <br> for the District of Columbia <br><br> RUDOLPH CONTRERAS, D.C. Bar # 434122 <br> Chief, Civil Division [signature] <br><br> By: /s/ [signature] |

|   |                                                                 |
|---|-----------------------------------------------------------------|
|   | ALAN BURCH, D.C. Bar # 470655                                   |
|   | Assistant United States Attorney                                |
|   | 555 4th St., N.W.                                               |
|   | Washington, D.C. 20530                                          |
|   | (202) 514-7204, alan.burch@usdoj.gov                            |
|   | Date: 8/26/11                                                   |

SO ORDERED on this ____ day of _____, 2011

_____
HENRY H. KENNEDY
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER ) ) ) Plaintiff, ) ) v. ) ) FEDERAL TRADE COMMISSION ) ) Defendant. ) ) ) | Case: 1:11-cv-00881-HHK |

## DECLARATION OF MANEESHA MITHAL

I, Maneesha Mithal, declare the following to be a true and correct statement of facts:

1. Since 2009, I have served as the Associate Director in the Division of Privacy and Identity Protection (DPIP) in the Bureau of Consumer Protection at the Federal Trade Commission ("Commission" or "FTC"), headquartered at 600 Pennsylvania Avenue, N.W., Washington, D.C. 20580. My responsibilities include directing DPIP's activities including its law enforcement, regulatory, and policy-related work. I am an attorney, and I supervise staff attorneys, investigators, and other support staff in DPIP.

2. DPIP is responsible for monitoring and coordinating Commission actions relating to unfair or deceptive privacy and data security practices in violation of Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45. DPIP is also charged with enforcing certain statutes relating to data security and privacy.

3. I am familiar with the FOIA request filed by the Electronic Privacy Information Center. As the Associate Director of DPIP, the statements I make in this declaration are based on my

personal knowledge and on the basis of information acquired through the performance of my official duties.

4. Through its FOIA request, Plaintiff seeks a document titled "Outline for Energy and Commerce Briefing" as found in wordperfect and pdf formats (together, the "Outline") that was created by a DPIP staff attorney during the course of a non-public law enforcement investigation relating to Google's collection of wifi communications through its Street View vehicles (hereafter, "Google Wifi"). The attorney drafted the Outline, and I reviewed it, in early June 2010.

5. The Outline was prepared to assist me and other FTC staff, in DPIP and elsewhere in the agency, who were charged with briefing staff of Members of Congress about Google Wifi in June 2010 at Congressional request. The Outline was later recirculated internally to FTC staff when subsequent briefings, both public and non-public, were requested after the investigation was closed in October 2010. I was present at all of the briefings.

6. The Outline is an internal, non-public background document that set forth certain facts that had been learned in the course of the Google Wifi investigation as of early June 2010 and the staff attorney's tentative analysis of the legal causes of action potentially applicable (whether under laws enforced by the Commission or other entities). The Outline also reveals the existence of and, in some instances, additional information about non-public investigations by other entities relating to Google Wifi.

7. The Outline was never shared with anyone outside the FTC at any time. In particular, it was not shared with any Member of Congress, any staff of any Member of Congress, or Google. Because this document is non-public, its release would reveal non-public information both about the FTC's investigation and other entities' investigations. Disclosure of the Outline would also

reveal the staff attorney's views and opinions on Google's conduct, including the salient facts, and the relevant legal arguments regarding potential legal claims and defenses, including the attorney's assessments of the arguments and the attorney's opinions as to the applicability of various laws to the alleged conduct. It would also reveal facts communicated by Google in the course of meetings with FTC staff and produced in response to FTC staff requests, which is accorded confidential treatment under FTC rules.

8. FTC Staff was asked to provide four separate briefings where Google Wifi was discussed – one on June 11, 2010 (a non-public briefing for the House Energy and Commerce Committee Subcommittee on Energy), and three on November 19, 2010 (two non-public briefings for the Senate Commerce, Science and Transportation Committee and the House Oversight and Government Reform Committee, and one public briefing for Rep. Barton). In none of these briefings did FTC staff provide or display any written material to Members of Congress or their staffs. No one aside from Members of Congress or their staffs or FTC personnel were present at the briefings.

9. The FTC did not make any recording of these briefings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____, 2011 in Washington, D.C.

                                        Maneesha Mithal
                                        Associate Director, DPIP
                                        Bureau of Consumer Protection
                                        Federal Trade Commission